## JOHN LOGAN vs. THE FARMERS' BANK.

On a motion for a continuance of a cause, because of the plaintiff's inability to procure certain papers as evidence, the court required a specification of the papers, to judge of their materiality.

*Mr. Rogers*, for the plaintiff, moved a continuance, founded on the affidavit that the plaintiff had been unable to discover certain papers material to the case, and which he hoped to procure by the next term.

The continuance was opposed by Messrs. *Bradford* and *J. A. Bayard*, for the defendant, who contended that a lawful ground for the continuance had not been had. They insisted that the papers should be specified, in order that they might show not only their materiality, but ascertain what diligence had been used to procure them; that they might produce them if in their power, or that the affirmant might be subjected to criminal liability in case he swears falsely. They said, by reference to the practice in continuing causes for inability to produce the attendance of witnesses, it was constantly required that the names of the witnesses should be dis-

closed; and under circumstances, that the matters to be proved by the witnesses shall be disclosed.

*The Court* refused the continuance, unless the papers were specified. This was necessary, in order to test the amount of diligence used in discovering them.

The plaintiff, John Logan, was then called, and having been sworn, said the papers he wanted were a mortgage recorded in Maryland, and a bond. He had called on the counsel at the Bank, and on the President, for a copy of an agreement with the Bank, by which the Bank agreed not to charge interest on a part of the money secured by the bond and mortgage; and it was refused. This is one of the papers I refer to. There was such a paper.

*The Court* continued the cause, because of the want of this paper. The bond and mortgage do not present a legal ground; but they illustrate the necessity of disclosing the kind of papers in motion to continue a cause for want of them, in order to judge of the diligence used to procure them. The bond and mortgage are legally in the defendants' custody or power, and a notice to them should have compelled the production of the original. The mortgage is on record, and a copy could be produced by the use of diligence. But in regard to this agreement to remit interest, it is sworn to have been refused, and the plaintiff has not yet been able to procure secondary evidence of it.

The case was continued.